UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA MORA,

    Plaintiff,

v.                                                  Case No:  6:16-cv-707-Orl-40GJK

JULIO MARTINEZ-CLARK and U.S.
BANK, NATIONAL ASSOCIATION,

    Defendants.
_____

## ORDER

This cause comes before the Court on Defendant U.S. Bank, National Association's Motion to Dismiss (Doc. 27), filed July 7, 2017.  On July 18, 2017, Plaintiff responded in opposition.  (Doc. 28).  Upon consideration, Defendant's Motion to Dismiss will be granted.

## I.    BACKGROUND[1]

*Pro se* Plaintiff, Monica Mora ("Mora"), sues Defendants, Julio Martinez-Clark ("Martinez-Clark") and U.S. Bank, National Association ("U.S. Bank"), pursuant to the Declaratory Judgment Act.  Mora seeks a declaration that a certain loan obligation she entered into with Martinez-Clark was rescinded pursuant to the Truth in Lending Act ("TILA").  Mora executed the loan obligation with Martinez-Clark in February 2006, and Mora secured the loan with real property located in Orange County, Florida.  According to Mora, however, Martinez-Clark represented to her that the loan obligation was never

---

[1] This account of the facts is taken from Plaintiff's Verified Amended Complaint (Doc. 27), the factual allegations of which the Court accepts as true when considering Defendant's Motion to Dismiss.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

consummated, as the named lender was not a legal entity at the time the loan obligation was executed. Mora and Martinez-Clark subsequently mailed notices of rescission to the lender on December 12, 2006. U.S. Bank currently asserts an interest in the real property securing the loan obligation through an assignment from the previous lender.

Now, Mora and Martinez-Clark find themselves in the midst of a divorce and are attempting to equitably divide their marital assets. To that end, Mora initiated this lawsuit to determine the effect of the notices of rescission she and Martinez-Clark mailed in December 2006. U.S. Bank moves to dismiss Mora's claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## III.     DISCUSSION

The Declaratory Judgment Act grants to the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. An essential element for every declaratory judgment action is the existence of an "actual controversy" between the parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). An actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *See Aetna Life Ins. Co.*, 300 U.S. at 240–41; *Texas v. United States*, 523 U.S. 296, 300 (1998). On the other hand, a court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004); *accord Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).[2]

Based on the facts alleged in Mora's Amended Complaint, there is no actual controversy in this case. Mora states that she and Martinez-Clark executed the loan

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

obligation in February 2012, but did not mail their notices of rescission until December 12, 2006. TILA provides, in relevant part, that an obligor "ha[s] the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). By her own allegations, Mora and Martinez-Clark concede that they failed to mail their notices of rescission within the time permitted by TILA. Alternatively, to the extent Mora contends that the loan obligation was never "consummated" within the meaning of TILA, then Mora and Martinez-Clark never had a right to rescind, rendering their notices of rescission ineffective. Stated differently, Mora and Martinez-Clark either never had a right to rescind, or they mailed their notices of rescission too late. In either event, there is no actual controversy between Mora and U.S. Bank.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant U.S. Bank, National Association's Motion to Dismiss (Doc. 27) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE** as to Defendant U.S. Bank, National Association. The Clerk of Court is **DIRECTED** to terminate Defendant U.S. Bank, National Association from the docket.

**DONE AND ORDERED** in Orlando, Florida on August 9, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4