UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA MORA,

        Plaintiff,

v.                                                           Case No:   6:16-cv-707-Orl-40GJK

JULIO MARTINEZ-CLARK,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JULIO MARTINEZ-CLARK** (Doc. No. 38)
>
> **FILED:**    **February 20, 2018**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

### I.   FACTUAL BACKGROUND

On April 26, 2016, Plaintiff, proceeding *pro se*, filed a verified complaint (the "Initial Complaint") against Defendant. Doc. No. 1. The following facts are taken from the Initial Complaint. Plaintiff was the owner of real property in Orlando, Florida (the "Property"). *Id*. at ¶ 4. In February 2006, Defendant, who appears to have been Plaintiff's husband at the time, informed Plaintiff that he needed to use the Property as security for a loan. *Id*. at ¶¶ 5, 15. Plaintiff agreed to the transaction and executed the necessary papers to complete the same. *Id*. at ¶ 6. Plaintiff

recognized that there is no evidence showing that the loan's lender was allowed to do business in Florida or that the lender was able to fund and consummate a loan transaction.[1] *Id.* at ¶ 8. Plaintiff demanded that Defendant take action to remove the Property's encumbrances. *Id.* at ¶¶ 9-10. On December 12, 2006, Plaintiff and Defendant mailed notices of loan rescission (the "Notices") to the "named payee," which appears to be Fremont Investment and Loan ("Fremont").[2] *Id.* at ¶ 11. Defendant informed Plaintiff that Fremont's failure to respond to the Notices voids the Property's encumbrances associated with the loan. *Id.* at ¶¶ 12-14, 17. Plaintiff and Defendant are in the process in dividing marital property, and Plaintiff seeks a declaratory judgment stating that: 1) under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the loan's rescission was effectuated at the time the Notices were sent; and 2) any encumbrances associated with the loan were voided due to Fremont's failure to respond. *Id.* at 5-6.

On May 23, 2016, Plaintiff filed a return of service stating that Defendant was served on May 4, 2016. On May 31, 2016, Plaintiff moved for entry of clerk's default against Defendant, which was entered on June 1, 2016. Doc. Nos. 8, 9. On June 30, 2016, Plaintiff moved for entry of default judgment against Defendant. Doc. No. 10.

On November 22, 2016, the undersigned recommended that the Court deny Plaintiff's motion for default judgment and dismiss the Initial Complaint without prejudice because Plaintiff failed to allege an actual controversy resulting in adverse legal interests. Doc. No. 13 at 5. The undersigned found no adverse legal interest under the Declaratory Judgment Act because the alleged facts show the parties' mutual interest in receiving a declaratory judgment stating that the Notices rescinded the Property's encumbrances. *Id.* The undersigned also found that the Initial

---

[1] Plaintiff did not identify the lender of the loan in the Initial Complaint. *See* Doc. No. 1.

[2] Plaintiff did not identify the "named payee" in the Initial Complaint. *See* Doc. No. 1. Plaintiff, however, attaches the Notices identifying Fremont as its recipient. Doc. No. 1-1 at 4-5.

Complaint failed to name an indispensable party because it failed to identify the person or entity holding the adverse claim to the Property. *Id.* at 5-6. On January 24, 2017, United States District Judge Paul G. Byron dismissed the Initial Complaint without prejudice. Doc. No. 15. On February 7, 2017, Plaintiff filed an amended verified complaint (the "Amended Complaint") stating allegations similar to the Initial Complaint. Doc. No. 16. The Amended Complaint also named U.S. Bank, National Association ("U.S. Bank") as another Defendant. *Id.* On July 7, 2017, U.S. Bank moved to dismiss the Amended Complaint, and the Court granted U.S. Bank's motion on August 9, 2017. Doc. Nos. 27, 29.

On February 20, 2018, Plaintiff filed another motion seeking entry of default judgment (the "Motion") against Defendant. Doc. No. 38. The Motion states that Defendant was served on May 4, 2016, and the Clerk entered default against him on June 1, 2016. Doc. No. 38 at 1. Plaintiff never filed an affidavit of service or presented any other evidence showing that the Amended Complaint was served on Defendant.

Plaintiff has appeared in two other cases on the same set of operative facts. On March 28, 2016, Plaintiff filed a similar complaint against the same defendant and requested the same relief sought in this action. *See Mora v. Martinez-Clark (Mora I)*, Case No: 6:16-cv-526-PGB-DAB (M.D. Fla. 2016), Doc. No. 1 at 5-6. When Plaintiff requested leave to proceed *in forma pauperis*, United States Magistrate Judge David A. Baker recommended that Plaintiff's request be denied and that the case be dismissed "because the claim, as pled, fails to state a cause or controversy *between these parties*." *Mora I,* Doc. No. 3 at 4. Judge Baker also found that despite the Declaratory Judgment Act's requirement of an actual controversy, "it is plain that their interests are aligned viz-a-viz their position that the encumbrance was 'rescinded.' As such, there is no

adverse legal interest between the two named parties, and no controversy to adjudicate." *Id.* Judge Byron adopted and confirmed Judge Baker's recommendation. *Mora I*, Doc. No. 4.

On April 27, 2016, Plaintiff, then a defendant, filed a notice of removal in a foreclosure action. *See U.S. Bank, N.A. v. Martinez-Clark et. al. (Mora II)*, Case No: 6:16-cv-717-PGB-KRS, (M.D. Fla. 2016), Doc. No. 1. Despite the case involving only state law claims, Plaintiff asserted that federal jurisdiction existed because she had raised "the defense of [Truth in Lending Act] rescission." *Mora II*, Doc. No. 1 at 3. United States Magistrate Judge Karla R. Spaulding recommended that the Court remand the case "because it was improvidently removed" due to lack of subject matter jurisdiction. *Mora II*, Doc. No. 30 at 3. On October 11, 2016, Judge Byron adopted and confirmed Judge Spaulding's recommendation. *Mora II,* Doc. No. 32.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure (and that fact is made to appear by affidavit or otherwise) the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before the close of business on September 30, 1981.

## III. ANALYSIS

### A. The Motion

The Motion is defective for two reasons. First, Plaintiff has not shown that she served the Amended Complaint on Plaintiff. Before the Court issues a default judgment, the Court must analyze whether a defendant was properly served. *See Thomas Cook UK Ltd. v. Maesbury Homes, Inc.* 280 F.R.D. 649, 652 (M.D. Fla. 2012). The Motion states that Defendant was served on May 4, 2016, and the Clerk entered default against him on June 1, 2016. Doc. No. 38 at 1. Such actions, however, apply to the Initial Complaint, not the Amended Complaint for which Plaintiff now seeks default judgment. Doc. No. 5; Doc. No. 9; Doc. No. 38 at 1. Plaintiff has not filed an affidavit of service stating that the Amended Complaint was served on Defendant, and Plaintiff has not provided any other evidence showing the same. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999). Because Plaintiff has not shown that she served Defendant with the Amended Complaint, her request for entry of default judgment is improper.

Second, the Amended Complaint still fails to allege any adverse legal interests between the parties. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., gives federal courts the authority to issue declaratory relief in "a case of actual controversy within its jurisdiction …" 28 U.S.C. § 2201(a). In other words, "[u]nder the Declaratory Judgment Act, a declaratory judgment may be issued only in the case of an actual controversy." *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015). The Supreme Court has stated that a complaint pleads an "actual controversy" when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Here, Plaintiff asserts a claim against Defendant, but the alleged facts show the parties' mutual interest in a declaratory judgment stating that the Notices properly rescinded the Property's encumbrances. Doc. No. 16 at ¶¶ 9 – 19. Thus, the Amended Complaint, as pled, does not allege an adverse legal interest between the parties that is required under the Declaratory Judgment Act. Accordingly, the Amended Complaint must be dismissed.

### B.  Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend their complaint should their initial complaint be dismissed. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

The Court has already given Plaintiff leave to amend her complaint. Doc. No. 15 at 2. Plaintiff, however, has yet to allege an adverse legal interest against Defendant, which is required under the Declaratory Judgment Act. Given that: 1) this is Plaintiff's third appearance in a case involving the same operative facts; 2) the Court has already given Plaintiff leave to amend her complaint; and 3) Plaintiff has still not asserted any claim presenting an adverse legal interest against Defendant, amendment is futile. Accordingly, the Amended Complaint should be dismissed with prejudice.

## IV.   CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 38); and

2) **DISMISS** the Amended Complaint (Doc. No. 16) with prejudice; and

3) **DIRECT** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 27, 2018.

_____<br>
GREGORY J. KELLY<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy