# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MONICA MORA,

    Plaintiff,

v.                                                      Case No: 6:16-cv-707-Orl-40GJK

JULIO MARTINEZ-CLARK,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on the following:

1. Plaintiff's Motion for Default Judgment Against Defendant Julio Martinez-Clark (Doc. 38 ("**Motion**")), filed February 20, 2018;

2. United States Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 39), submitted April 27, 2018; and

3. Plaintiff's Objection to Magistrate Judge Kelly's Report & Recommendation (Doc. 40), filed May 16, 2018.

With briefing complete, the matter is now ripe. Upon consideration, Plaintiff's Motion for Default Judgment is due to be denied, and this case dismissed.

## I.   BACKGROUND[1]

*Pro se* Plaintiff Monica Mora initiated this action on April 26, 2016, against Defendant Julio Martinez-Clark. (Doc. 1 ("**Initial Complaint**")). The Initial Complaint detailed a loan agreement entered into by Plaintiff and Defendant, wherein Plaintiff's

---

[1] For a more thorough recitation of the background facts of this case, see Magistrate Judge Kelly's Report and Recommendation ("**R&R**"). (Doc. 40).

property served as collateral. (*Id.* ¶¶ 5–6, 15). The parties later sought to remove the encumbrance, sending notices of loan rescission ("**Notices**") to Fremont Investment and Loan, the "named payee." (*Id.* ¶ 11; Doc. 1-1). Plaintiff and Defendant are now dividing marital property, and Plaintiff seeks a declaratory judgment stating that (1) the Notices rescinded the loan pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and (2) Fremont's failure to respond voided any encumbrances associated with the loan. (Doc. 1, ¶¶ 5–6).

A clerk's default was entered against Defendant on June 1, 2016. (Doc. 9). Plaintiff's subsequent motion for entry of default judgment against Defendant (Doc. 10) was denied, however, because the Initial Complaint failed to allege a controversy between Plaintiff and Defendant (and for failure to name an indispensable party). (Doc. 13). The Initial Complaint was thus dismissed without prejudice. (Doc. 15). On February 7, 2017, Plaintiff filed an Amended Complaint. (Doc. 16).[2]

Plaintiff filed the instant Motion on February 28, 2018, seeking a default judgment against Defendant. (Doc. 38). Plaintiff neglected to file an affidavit of service or submit other evidence showing that Defendant was served with the Amended Complaint.

Magistrate Judge Kelly's well-reasoned R&R recommended the Court dismiss Plaintiff's Amended Complaint with prejudice for Plaintiff's repeated failure to allege an actual controversy between Plaintiff and Defendant. (Doc. 39, pp. 5–6).[3] Plaintiff objected

---

[2] The Amended Complaint named U.S. Bank, National Association ("**U.S. Bank**") as a Defendant; however, U.S. Bank was subsequently dismissed from the action on August 9, 2017. (*Id.*; Doc. 29).

[3] The R&R further advances Plaintiff's apparent failure to serve Defendant with the Amended Complaint as grounds for denying Plaintiff's motion for default judgment. (Doc. 39, p. 5).

to the R&R, generally averring that the Amended Complaint adequately alleges a justiciable controversy. (Doc. 40).

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

Plaintiff's objection to the R&R is due to be overruled. As the Magistrate correctly noted, "a declaratory judgment may be issued only in the case of an actual controversy." (Doc. 39 (quoting *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015))). To establish an actual controversy, the facts alleged must "show that there is a substantial controversy, between *parties having adverse legal interests*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Moreover, the Court is without jurisdiction over cases lacking an actual controversy, and, in such cases, must dismiss.[4]

---

[4] The standing doctrine serves to ensure the authority of the federal courts extends only to "cases" and "controversies," as mandated by Article III of the United States Constitution. U.S. Const. art. III, § 2. "Standing is jurisdictional," therefore, it functions as a threshold question any party invoking federal jurisdiction must satisfy before the court may hear the case. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel*, Case No. 8:06–cv–1685–T–23MAP, 2012 WL 3541988, at *3 n.3 (M.D. Fla. Aug. 15, 2012).

Here, the facts alleged show a unity of interest between Plaintiff and Defendant, in that both parties seek rescission of an encumbrance against Plaintiff's property in furtherance of the parties' marital property division. (Doc. 16, ¶¶ 9–16). Accordingly, Plaintiff has failed to allege an actual controversy, and the Amended Complaint must be dismissed.

The R&R further recommends that the Court not grant leave to amend, as further amendment would be futile. Plaintiff did not object to this portion of the R&R. Regardless, the Court concurs with this recommendation as well. Plaintiff has received leave to amend once already in this case,[5] and the Amended Complaint suffers the same defect as the Initial Complaint. For the reasons articulated in the R&R (*see* Doc. 39, p. 6), the Court declines to grant leave to amend. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating a district court need not allow amendment where amendment would be futile).

Although the R&R proffered Plaintiff's failure to serve Defendant with the Amended Complaint as an additional reason for denying Plaintiff's Motion for Default Judgment, the Court need not address that issue because of the absence of an actual controversy. (Doc. 39, p. 5).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[5] The R&R correctly points out that Plaintiff has also litigated two other cases premised on the same facts. Both suits were dismissed for similar reasons (one for want of a case or controversy, another for want of subject matter jurisdiction). (Doc. 39; *Mora v. Martinez-Clark*, Case No. 6:16-cv-526-PGB-DAB (M.D. Fla. 2016); *U.S. Bank, N.A. v. Martinez-Clark*, Case No. 6:16-cv-717-PGB-KRS (M.D. Fla. 2016)).

1. Plaintiff's Motion for Default Judgment Against Defendant Julio Martinez-Clark (Doc. 38) is **DENIED**.

2. United States Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 39) is **ADOPTED** and **CONFIRMED** in part as described above.

3. Plaintiff's Objection to the Magistrate Judge Kelly's Report & Recommendation (Doc. 40) is **OVERRULED**.

4. The Amended Complaint is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate any pending deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties